

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-90,597-01

### EX PARTE FRANK VILLA, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 1433314-B IN THE 263RD DISTRICT COURT FROM HARRIS COUNTY

*Per curiam.*

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to burglary of a habitation, and was sentenced to ten years' imprisonment. He did not appeal his conviction.

Applicant contends, among other things,[1] that his trial counsel rendered ineffective assistance because trial counsel erroneously advised him that he was pleading guilty to a "non-3g, non-aggravated" offense, when in fact the affirmative deadly weapon finding makes Applicant ineligible

---

[1]This Court has reviewed Applicant's other claims and finds them to be without merit.

for parole until he has served one-half of his sentence in flat time. Applicant also alleges that trial counsel coerced him into pleading guilty despite errors in the indictment and in the waivers and stipulations by telling him that he would receive a harsh sentence if he did not do so.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claims of ineffective assistance of counsel. Specifically, trial counsel shall state what advice, if any, he gave to Applicant with regard to his options for going to trial on the charges, entering an open plea, or pleading guilty pursuant to a plea agreement. Trial counsel shall state whether he advised Applicant that he was pleading to a "non-3g, non-aggravated" offense. Trial counsel shall state whether the name of the complainant contained in the indictment and/or the waivers and stipulations signed by Applicant was correct, and if not, whether trial counsel advised Applicant to plead guilty to the indictment and sign the waivers and stipulations anyway. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make any other findings of fact and

conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: November 20, 2019
Do not publish